```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------x

JOSEPH A. CONZO, et al.,


                 Plaintiffs,
                                              OPINION
       - against -
                                          05 Civ. 705 (MGC)
CITY OF NEW YORK and THE FIRE
DEPARTMENT OF THE CITY OF NEW
YORK,

                 Defendants.

---------------------------------x

APPEARANCES:

          WOODLEY & MCGILLIVARY
          Attorneys for Plaintiffs
          1125 15TH Street, N.W.
          Washington, DC 20005

          By:  Gregory K. McGillivary
               Molly A. Elkin

          JACKSON LEWIS, LLP
          Attorneys for Defendants
          59 Maiden Lane
          New York, New York 10038

          By:  Felice B. Ekelman
               Paul Siegel
               Samantha Abeysekera
```

**Cedarbaum, J.**

Plaintiffs are 1478 current and former emergency medical technicians, paramedics, and related personnel in the Fire Department of the City of New York. They allege various violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (the "FLSA"), and seek to proceed as a collective action under 29 U.S.C. § 216. Defendants move to dismiss, compel dispute resolution, and stay discovery. Defendants assert that this action may not proceed at this time because plaintiffs are required to exhaust administrative remedies under their collective bargaining agreement prior to pursuing their FLSA claims in federal court. For the reasons that follow, defendants' motion is denied.

BACKGROUND

Section 216 of the FLSA allows individuals who claim that their employers have violated the statute to proceed in collective form. These "collective actions," unlike class actions under Rule 23 of the Federal Rules of Civil Procedure, require that each individual plaintiff opt-in by signing and filing a consent form with the court. When plaintiffs commenced this action on January 20, 2005, 735 individuals filed their consents to be named as plaintiffs. At the time the motion to dismiss was filed, the number of

plaintiffs had grown to 1478.  All 1478 plaintiffs claim that they were required to perform work for which they were not properly compensated.

    While employed by defendants, plaintiffs were members of Local 2507, District Council 37, AFSCME, AFL-CIO (the "Union").  The Union and defendants are parties to a collective bargaining agreement ("CBA") that provides for a special administrative procedure to be used solely for resolving FLSA disputes.  Article XV Section 10 of the CBA, entitled "FLSA Dispute Procedure," reads:

> a. Any dispute, controversy or claim concerning or arising out of the application or interpretation of the Fair Labor Standards Act ("FLSA Controversy") shall be submitted by a claimant in accordance with this section.
> b. Any FLSA Controversy must be presented in writing and in the form prescribed by the FLSA Panel no later than sixty days after the date on which such FLSA Controversy arose.
> c. i. Any FLSA Controversy arising out of a claimed wrongful computation of benefits shall be submitted by an employee in writing to the applicable agency head or designee for review and resolution.  A copy shall also be submitted to the Office of Labor Relations and to the Union.  The agency shall have thirty days to resolve the matter and issue a written decision; such period may be extended by mutual agreement of the parties.
> ii. If the matter is not satisfactorily resolved at the agency level the claimant may, within two weeks after receipt of the agency determination, appeal the matter to the FLSA Panel in writing.

    Subsection (d) of Section 10 of the CBA provides that the "FLSA Panel" will be composed of one union

3

representative and one city representative.  Subsection (e) deals with controversies regarding classification of positions under the FLSA and is not relevant to the current dispute.  Subsection (f) is a general reservation of rights and reads:

> f.   Notwithstanding the provisions of this Section 10, the submission of a dispute by an employee under this procedure shall not constitute a waiver of the employee's rights under the FLSA.

The parties read these provisions differently.  Although defendants concede that the CBA does not render the outcome of the dispute procedure binding on plaintiffs, they argue that the provision requires each plaintiff to exhaust the administrative process before bringing or joining an FLSA claim in federal court.

In contrast, plaintiffs maintain that the FLSA Dispute Procedure is merely a co-extensive form of relief, not a prerequisite to legal relief.  If the dispute procedure were actually mandatory, plaintiffs argue, it would be unenforceable because collective bargaining agreements cannot create exhaustion requirements that limit an individual's pursuit of a federal statutory remedy.

At oral argument, counsel for defendants stated that this FLSA dispute resolution provision has been included in

the CBA since at least January 1, 1995, but the procedure has never been used.

## DISCUSSION

On its face, Article XV Section 10 ("the FLSA Dispute Provision") creates ambiguity as to whether the procedure functions as a prerequisite to filing in federal court or as a co-extensive form of relief. Section 10(a) provides that all FLSA disputes "shall be submitted by a claimant in accordance with this section." Section 10(b) further provides that all FLSA disputes "must be presented in writing and in the form prescribed by the FLSA Panel no later than sixty days" after the dispute arises.

The provision is silent, however, as to the consequences of failing to properly submit a claim. Defendants argue that the words "shall be submitted" require each employee to submit an individual FLSA dispute. Plaintiffs point to the words "in accordance with this section" to show that the phrase mandates nothing more than that employees must file their disputes in a particular form and time period. In other words, defendants read the language as stating that all FLSA disputes shall be submitted in accordance with this section *before an employee may proceed in federal court.* On the other hand, plaintiffs

5

interpret the provision as stating that all FLSA disputes shall be submitted in accordance with this section *or an employee will lose the right to utilize the dispute procedure*.

The FLSA Dispute Provision in the CBA creates an informal procedure which might prove to be less expensive, less contentious, and less time-intensive than court proceedings and therefore a welcome alternative to bringing suit in federal court.  Both parties can be expected to gain from this kind of non-adversarial process whether or not the procedure functions as a co-extensive form of relief or as a procedure which must be exhausted prior to seeking judicial relief.  The alternative dispute resolution procedure benefits both parties, and therefore the presence of the procedure itself is not evidence that it was meant to function as an exhaustion requirement.

The contract is clear on one point -- that the FLSA dispute procedure must be utilized within sixty days.  In this case, far more than sixty days have elapsed since the plaintiffs' claims arose and they have not applied to use the procedure.  Therefore, if the contract is not modified, plaintiffs are unable to utilize the FLSA dispute procedure. Defendants have offered to waive the sixty day limit and allow plaintiffs to proceed under the FLSA Dispute

6

Provision.  Even if defendants are entitled to waive unilaterally a provision in a bilateral agreement for purposes of enforcing that agreement, such a waiver does not affect the initial interpretation and analysis of the provision.

When a contract contains a provision subject to several interpretations, the interpretation that gives effective and lawful meaning to all the terms of the contract is preferred over one which leaves a portion of the contract meaningless or unlawful. Restatement (Second) of Contracts § 203(a); Galli v. Metz, 973 F.2d 145, 149 (2d Cir. 1992); Eastman Kodak Co. v. STWB Inc., 232 F. Supp. 2d 74, 91 (S.D.N.Y. 2002).  Defendants' interpretation of the contract renders the sixty day time limit unenforceable and meaningless. Plaintiffs' interpretation, which gives meaning and effect to all provisions of the contract, is therefore preferred.

The Supreme Court held in Barrentine v. Arkansas-Best Freight System, Inc., 450 U.S. 728 (1981), that a collective bargaining agreement cannot waive an individual's right to pursue federal statutory remedies.  If a plaintiff must, as defendants contend, exhaust the FLSA dispute resolution procedure prior to bringing suit in federal court and a plaintiff may only utilize the FLSA dispute resolution procedure within sixty days of the accrual of a claim, the

7

provision effectively enacts a sixty day statute of limitations on FLSA claims.  Under Barrentine, the sixty day limit makes the provision unenforceable if interpreted according to defendants' preferred reading.  Because defendants must modify the contract in order to make it enforceable, their interpretation is not acceptable if a different interpretation exists which gives effect to the contract without modification.  The FLSA Dispute Provision can easily be read to create an informal, non-adversarial form of relief which co-exists with federal judicial relief.  According to its terms, this informal process must be utilized within sixty days or an employee loses the option of using it.  Because this interpretation gives lawful meaning to all terms of the contract, it is preferred to defendants' interpretation.

An additional factor weighs against adopting defendants' reading of the CBA.  Counsel for defendants indicated that the FLSA dispute procedure had never been used despite being in place for at least eleven years.  Between 1995 and 2004, employees subject to the CBA sued the City of New York under the FLSA without any attempt by the City to enforce the dispute resolution provision.  See Second Supplemental Affidavit of Felice B. Ekelman, Esq; Adams v. City of New York, 93 Civ. 8042 (PKL) (S.D.N.Y.);

8

Singh v. City of New York, 02 Civ. 3458 (PKC) (S.D.N.Y.). During that time, the City appears to have attempted to compel alternative dispute resolution for FLSA claims in only a single case, Giles v. City of New York, 96 Civ. 2655 (CBM)(S.D.N.Y.). That case, however, appears to concern a different collective bargaining agreement with entirely different language, and the City's attempt to compel dispute resolution failed. See Giles, 41 F. Supp. 2d 308 (S.D.N.Y. 1999). This year, the City attempted to enforce Article XV Section 10 of the CBA in two other cases filed more or less contemporaneously with this one, suggesting that the City has only recently begun to interpret the CBA as requiring exhaustion.[1] In a situation "[w]here an agreement involves repeated occasions for performance ... any course of performance accepted or acquiesced in without objection is given great weight in the interpretation of the agreement." Restatement (Second) of Contracts § 202(4); New Windsor Volunteer Ambulance Corps. v. Meyers, 442 F.3d 101, 112 (2d Cir. 2006). According to defendants' representations, they

---

[1] On February 28, 2006, defendants filed their motion in this case and a nearly identical motion in Parker v. City of New York, No. 04 Civ. 4476 (BJS). The motion in Parker is still pending. On April 12, 2006, defendants filed a similar motion in Tyler v. City of New York, No. 05 Civ. 3620 (SLT), 2006 WL 1329753 (E.D.N.Y. May 16, 2006). In Tyler, Judge Townes considered the same collective bargaining agreement at issue in this case and granted the City's motion to dismiss in favor of dispute resolution. In that case, however, the parties do not appear to have addressed the significance of the sixty day time limit. In all three cases, defendants are being represented by the same attorney.

9

have previously participated in FLSA suits without arguing that Section 10 of the CBA creates an exhaustion requirement. This history of acquiescence, which occurred closer in time to the adoption of the FLSA Dispute Provision, provides additional support for plaintiffs' reading of the CBA.

In the FLSA context, when an agreement between an employer and an employee seeks to waive access to federal court, waiver of the right to a judicial forum must be clear and unmistakable. <u>Wright v. Universal Mar. Serv. Corp.</u>, 525 U.S. 70, 80 (1998); <u>Rogers v. New York Univ.</u>, 220 F.3d 73, 76 (2d Cir. 2000). It cannot be said that the FLSA Dispute Provision constitutes a clear and unmistakable waiver of the plaintiffs' right to proceed directly to federal court. In contrast, Section 9 of the CBA, which addresses a different grievance procedure, reads:

> The grievance and arbitration procedure contained in this agreement shall be the exclusive remedy for the resolution of disputes defined as 'grievances' herein. This shall not be interpreted to preclude either party from enforcing the arbitrator's award in court ...

Section 9 refers to a singular "grievance and arbitration procedure" and not to the "FLSA dispute procedure" that follows in Section 10. It is clear from a reading of the contract that Section 9 of the CBA is intended to apply to the sections that precede it but not to the FLSA dispute procedure which follows. By including Section 9 in the CBA, the parties demonstrated their ability to explicitly denote

10

exclusivity and exhaustion requirements with respect to alternative dispute resolution procedures.  Not only did defendants fail to include any explicit language of exclusion or exhaustion in Section 10, but subsection (f) provides that employees do not waive any rights under the FLSA by participating in the dispute procedure.

Moreover, a mandatory FLSA dispute procedure, even one that does not preclude relief in federal court but merely creates a prerequisite to filing for judicial relief, would raise a serious question of enforceability.  The Supreme Court held in <u>Barrentine</u> that a CBA could not preclude an employee from bringing an FLSA claim in federal court. Second Circuit precedent has expanded upon <u>Barrentine</u> and strongly indicates that it may be unlawful for a CBA to create exhaustion requirements.  In <u>Tran v. Tran</u> the Second Circuit "reverse[d] the holding below of the district court ... 'that the plaintiff was required to exhaust his arbitral remedy prior to filing' his FLSA claims."  54 F.3d 115, 118 (2d Cir. 1995)(quoting <u>Tran v. Tran</u>, 847 F. Supp. 306, 309 (S.D.N.Y. 1994)).  In <u>Rogers</u>, the Second Circuit restated the holding in <u>Tran</u> that "[an] employer could not compel [a] union employee to arbitrate federal statutory claims even though [the] CBA required arbitration."  220 F.3d at 75.

Other courts have been even more explicit on the issue.  The Ninth Circuit has held:

> The rule for determining whether a plaintiff is required to exhaust remedies provided for in a collective bargaining agreement before bringing the claim in federal court is well established. If the claim is based on rights arising from the collective bargaining agreement, the plaintiff is required to exhaust remedies created by the agreement. However, if the claim arises from statutory rights, the plaintiff is not required to exhaust agreement remedies, because statutory rights under the FLSA are guarantees to

11

> individual workers that may not be waived through collective bargaining.

<u>Collins v. Lobdell</u>, 188 F.3d 1124, 1127 (9th Cir. 1999)(citations and internal quotations omitted).

In <u>Giles</u>, Judge Motley reached a similar conclusion: "[i]n sum, if utilized, arbitration does not prevent an FLSA action; if (as here) not utilized, the availability of arbitration does not preclude an FLSA action." 41 F. Supp. 2d at 313. Thus, even if defendants' were allowed to modify the CBA to eliminate the sixty day limit, it is likely that an exhaustion requirement would still render the contract unenforceable.

## CONCLUSION

The CBA's sixty day time limit on filing for an administrative remedy, if mandatory, would effectively bar plaintiffs from pursuing relief in federal court. The parties do not appear to dispute that such a provision would be unenforceable under <u>Barrentine</u>. In this case, many more than sixty days have elapsed without such filing. Defendants offer to waive the sixty day limitation, and argue instead that a court should enforce the provision without the time limitation. Thus defendants concede that this provision must be revised to be enforceable, and defendants seek to revise this bilateral agreement unilaterally. The provision at issue, however, can reasonably be interpreted without revision to mean that an

aggrieved employee has sixty days in which to decide to use or forego the extrajudicial dispute procedure.

For the foregoing reasons, defendants' motion to dismiss, compel dispute resolution and stay discovery is denied.

SO ORDERED.

Dated:   New York, New York
         July 12, 2006

                         S/ _____
                            MIRIAM GOLDMAN CEDARBAUM
                            United States District Judge