UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

JOSEPH A. CONZO, et al.,

                      Plaintiffs,

-against-

THE CITY OF NEW YORK and THE FIRE
DEPARTMENT OF THE CITY OF NEW
YORK,

                      Defendants.

---------------------------------------------------------------x

Civil Action No.:05 CV 705 (MGC)

**AFFIDAVIT OF CHRISTOPHER
ERATH, Ph.D. IN SUPPORT OF
DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT
AND/OR DECERTIFICATION**

STATE OF MASSACHUSETTS    :
                                  :   ss:
COUNTY OF SUFFOLK          :

        I, CHRISTOPHER ERATH, Ph.D., declare under penalty of perjury that the following is true and correct to the best of my knowledge and consistent with 28 U.S.C. §1746:

        1.    I am employed by NERA Economic Consulting as Senior Vice President, Employment and Labor Practice Chair.

        2.    I was hired by Defendants the City of New York ("the City") and the Fire Department of the City of New York ("the FDNY") (collectively "Defendants") for the purpose of summarizing the voluminous payroll data produced in this case.

        3.    I make this Declaration in support of Defendants' Motion for Summary Judgment and/or Decertification.

**A.**    **Data Reviewed.**

        4.    My conclusions are based on my analysis of electronic Payroll Management System ("PMS") data and Weekly Sign-In and Overtime Tracking Logs ("timesheets") for the 148 Test Plaintiffs designated by the Parties.

5.    The PMS data indicates how much straight time and overtime pay Plaintiffs were paid each pay period.

6.    The PMS data also indicates whether Test Plaintiffs worked a heat day or earned night shift differential for each pay period.

7.    The PMS data does not indicate how many regular hours Test Plaintiffs worked each pay period.

8.    Test Plaintiffs' timesheets indicate how many regular and overtime hours they worked each week.

9.    My analysis of Test Plaintiffs' PMS data and timesheets covers the period from January 1, 2002 through August 6, 2006, because that is the time period the Parties agreed was representative for the purposes of potential damages calculations.

B.    **Plaintiffs' Receipt of Meal Money.**

10.    Certain Plaintiffs receive Meal Money in addition to their recurring regular gross amount. It appears that those Plaintiffs assigned to field locations regularly receive Meal Money, while those assigned to non-field locations do not.

11.    Those Plaintiffs who receive Meal Money receive the same amount of additional compensation each pay period regardless of how many regular hours they work each week.

C.    **Late Overtime.**

12.    Of the 44,998 cash overtime payments paid to Test Plaintiffs between January 1, 2002 and August 19, 2006, 431 of them, or .96%, were late, meaning that the overtime was not paid within the next two paydays following the period in which the overtime was earned.

2

13.     I derived the above figure by calculating the number of days between the date overtime was earned and the date it was paid in the PMS data.

14.     For the period January 1, 2002 to August 6, 2006, 21 percent of the time Test Plaintiffs submitted Inquiry forms, they received their overtime on the next regular payday following submission of the form.

15.     For the period January 1, 2002 to August 6, 2006, 53 percent of the time Test Plaintiffs submitted Inquiry forms, they received their overtime two paydays later.

16.     For the period January 1, 2002 to August 6, 2006, 12 percent of the time Test Plaintiffs submitted Inquiry forms, they received their overtime three paydays later.

17.     For the period January 1, 2002 to August 6, 2006, 14 percent of the time Test Plaintiffs submitted Inquiry forms, they received their overtime at a later date.

18.     I derived the above figures by comparing the dates on Payroll Inquiry forms filed with Test Plaintiffs' timesheets with the pay date for cash overtime paid more than two pay periods after it was earned in the PMS data.

**D.     Plaintiffs' Receipt of Premium Pay When They Work Less Than 40 Hours Per Week.**

19.     When Plaintiffs work beyond their regularly-scheduled shifts, they almost always receive premium pay for those hours.

20.     When Plaintiffs are scheduled to work four regular eight-hour shifts, they almost always receive time and a half for any additional work, regardless of whether it is an entire eight-hour shift(s), a partial shift, or a late call.

21.     When Plaintiffs do not work all of their scheduled shifts due to illness or vacation, they almost always get time and a half for any additional work, regardless of whether it is an entire eight-hour shift(s), a partial shift, or a late call.

E.     **Plaintiffs' Overtime Rate is Higher Than Their Total Earnings Divided by Their Total Hours Worked.**

22.     Plaintiffs are paid beyond what they are entitled to under the FLSA whenever they are paid overtime because the overtime rate set forth in the Citywide CBA is higher than the rate derived when Plaintiffs' total non-overtime earnings are divided by 40 hours per week.

23.     The City's derivation of Plaintiffs' hourly rate is based on the assumption that all Plaintiffs work 7 ½ hours each shift.

24.     The CBA's reliance on 1957 ½ hours per year, representing 261 shifts multiplied by 7 ½ hours, instead of 2088 hours per year, or 261 shifts multiplied by eight hours, creates a higher overtime rate than the rate derived when Plaintiffs' total non-overtime earnings are divided by 40 hours per week.

25.     Plaintiffs' receipt of Meal Money, assignment differential, longevity differential, and recurring increment payments are included in Defendants' calculation of Plaintiffs' regular rate.

26.     The provisions in the CBA do not create a higher overtime rate when Plaintiffs neither work eight-hour shifts nor receive Meal Money.

F.     **Plaintiffs' Potential Damages.**

27.     Assuming that Plaintiffs prevail on their claims that Defendants failed to pay them for heat days and excluded night shift differential from the calculation of the regular rate, no Test Plaintiffs are owed unpaid wages once their damages are offset by Defendants' overpayments for any work beyond Plaintiffs' regular shifts and for overtime.

28.     Assuming that Plaintiffs prevail on their heat days claim, night shift differential claim, and late overtime claim, one Test Plaintiff is owed unpaid wages, totaling

4

$57.00, once their damages are offset by Defendants' overpayments for any work beyond Plaintiffs' regular shifts and for overtime.

29.     Assuming that Plaintiffs prevail on their heat days claim, night shift differential claim, late overtime claim, and their claim that they are owed 2 ½ hours of straight time in over-40-hour workweeks, four Test Plaintiffs have any damages, totaling $1,299.00, once their damages are offset by Defendants' overpayments for any work beyond Plaintiffs' regular shifts.

30.     Assuming that Plaintiffs prevail on all of their claims – for heat days, night shift differential, 2 ½ hours of straight time in over-40-hour workweeks, and 1.25 hours of pre- or post-shift work per week – 21 Test Plaintiffs (approximately 14 percent of Test Plaintiffs), are owed unpaid wages , totaling approximately $61,687.00, once their damages are offset by Defendants' overpayments for any work beyond Plaintiffs' regular shifts.

31.     Calculation of each Test Plaintiff's potential damages involves consideration, on a weekly basis, of (1) the total number of regular hours, cash overtime hours, and comp time overtime hours worked, (2) the number of hours worked on night shift, (3) the pay rate used by Defendants to pay overtime and the pay rate that reflects night shift differential, (4) whether or not Meal Money was received and the total amount of Meal Money received, (5) the amount, if any, of overtime payment not received within two pay periods, and (6) the total amount of overtime pay received by each Test Plaintiff both in cash and in time.  The number of total weekly hours over 40 is then compared with the number of overtime hours for which each Test Plaintiff was compensated.  Damages are calculated for any unpaid time beyond 40 hours. Damages may be negative if the Test Plaintiff received more premium pay than required by the number of hours over 40 that he/she actually worked.  Damages are totaled across all weeks,

including both over- and under-payments. Additional damages are calculated for the difference in the pay rate used by Defendants and the rate that incorporates night shift differential. Late overtime payments may be added to the damages and the total hours worked increased to account for pre- or post-shift work and up to 2 ½ hours of straight time in over-40-hour workweeks.

32.     An analysis of <u>each</u> Test Plaintiffs' potential damages following application of cumulative offsets is attached hereto as Exhibit "A."

33.     Where the Test Plaintiffs' damages amount is negative, it indicates that Defendants overpaid them by that amount.

34.     Test Plaintiffs' potential damages set forth above are limited to those weeks for which Defendants produced timesheets.

35.     Of the 22 Test Plaintiffs assigned to EMD for some period of time during the limitations period of this lawsuit (<u>i.e.</u>, since January 1, 2002), five of them have damages for those weeks during which they were assigned to EMD after accounting for 120 minutes of breaks per day, totaling $380.00, <u>before</u> any cumulative offsets are applied.

36.     When cumulative offsets are applied, no Test Plaintiffs have damages for those weeks during which they were assigned to EMD, and further, Defendants overpaid them by $291,448.00.

37.     An analysis of the potential damages of each Test Plaintiff assigned to EMD, for those weeks during which he or she was assigned to EMD, is attached hereto as Exhibit "B."

### G.   <u>Plaintiffs' Receipt of Night Shift Differential.</u>

38.     Analysis of Test Plaintiffs' PMS data indicates that not all Test Plaintiffs were regularly paid night shift differential.

**H.     Plaintiffs' Heat Days Claim.**

39.     Analysis of Test Plaintiffs' PMS data indicates that 50 individuals worked a heat day.

40.     When cumulative offsets are applied for Defendants' overpayments for hours beyond Plaintiffs' regularly-scheduled shifts and for overtime, no Test Plaintiffs have any damages for heat days.

41.     All Plaintiffs who worked a heat day during a week in which he or she did not work more than 40 hours were compensated for all hours worked above the FLSA minimum wage.

42.     In 49 percent of the weeks in which Plaintiffs worked heat days, they worked 40 or fewer regular hours (including their heat day hours).


_____
Christopher Erath, Ph.D.

9/19/08
_____
Date


Sworn to before me this 9 day of September, 2008

_____
NOTARY PUBLIC
Exp Feb 2010

7

# ERATH AFF.

# EXHIBIT A

| Name | Heat Days/Night Shift Differential in Regular Rate Damages After Cumulative Offsets | Heat Days/Night Shift/Late Overtime Damages After Cumulative Offsets | Heat Days/Night Shift/Late Overtime/2.5 Hours of Straight Time Damages After Cumulative Offsets | Heat Days/Night Shift/Late Overtime/2.5 Hours of Straight Time/1.25 Pre- and Post-Shift Hours Per Week Damages After Cumulative Offsets |
|---|---|---|---|---|
| | (Dollars) | (Dollars) | (Dollars) | (Dollars) |
| AALBUE, KERRY M | -7,006 | -6,512 | -5,554 | -3,072 |
| ACEVEDO, JASON | -11,999 | -11,999 | -9,832 | -6,308 |
| AIKINS, JEANNE A | -10,874 | -10,874 | -8,496 | -3,625 |
| ALMOJERA, ANTHONY | -14,013 | -12,367 | -10,073 | -6,632 |
| AMOR, ANTONIO | -13,294 | -12,957 | -10,692 | -7,126 |
| ANDRYUK, PETER N | -2,078 | -2,078 | 504 | 9,367 |
| ARNOLD, MIRIAM | -29,899 | -28,758 | -23,801 | -16,534 |
| AURICCHIO, PETER G | -10,571 | -9,917 | -6,599 | 327 |
| BABB, ROXIE | -10,873 | -9,505 | -6,869 | -3,101 |
| BARRETO, ELAINE | -16,200 | -16,020 | -15,324 | -13,861 |
| BATES, ANDREW | -12,944 | -12,793 | -9,696 | -3,943 |
| BEDULA, WILLIAM | -9,893 | -9,225 | -2,238 | 4,389 |
| BENSON, KIMBERLY | -5,343 | -4,469 | -3,435 | -1,180 |
| BIALEK, STEVEN C | -8,365 | -8,030 | -6,575 | -4,387 |
| BISMARCK, BAFFOUR | -17,359 | -16,784 | -13,521 | -5,804 |
| BOLGER, JAMES A | -10,414 | -10,305 | -8,281 | -5,373 |
| BOTTINI, LISA | -8,657 | -8,275 | -4,580 | 3,274 |
| BRANDSTETTER, JOSEPH | -13,880 | -13,880 | -11,581 | -6,560 |
| BROWN, BERYL | -18,629 | -18,589 | -14,172 | -7,572 |
| BUNETA, JOHN M | -8,581 | -7,765 | -1,158 | 6,720 |
| BURNS, AMY M | -11,269 | -10,832 | -9,119 | -5,903 |
| CADOGAN, DAVID A | -18,388 | -18,388 | -15,485 | -10,275 |
| CANCEL, ROBERT | -17,602 | -17,602 | -14,396 | -8,199 |
| CARRELLA, SCOTT | -6,697 | -6,697 | -4,607 | -2,395 |
| CASTAGLIOLA, MICHAEL | -7,566 | -7,566 | -6,457 | -4,135 |
| CELESTRI, STEVEN | -18,883 | -18,444 | -13,100 | -7,355 |
| CHIN, BRANDON M | -7,126 | -6,898 | -5,586 | -2,733 |
| CLARKE, JUNE | -11,103 | -11,103 | -7,442 | -2,472 |
| COLBERT, LYNNETTE | -6,061 | -5,965 | -3,491 | -237 |
| COLON, NIDSA J | -10,457 | -10,443 | -8,252 | -4,539 |
| CONZO, JOSEPH | -16,143 | -16,143 | -16,033 | -13,877 |
| CORSO, ANTONINO | -8,775 | -8,775 | -6,655 | -2,182 |
| COYNE, RONALD | -8,443 | -8,049 | -6,502 | -3,177 |
| CRUZ, JOE L | -5,652 | -5,652 | -4,972 | -4,035 |
| DAHL, WILLIAM | -2,529 | -2,479 | -457 | 3,078 |
| DEES, TAWANA | -7,751 | -7,593 | -6,288 | -4,031 |
| DELGADO, JOSE J | -13,414 | -12,811 | -10,287 | -7,026 |
| DENSON, ROBERT | -3,989 | -3,871 | -3,088 | 197 |
| DESIMONE, SCOTT V | -4,360 | -4,360 | -3,399 | -1,841 |
| DOMINGO, ROBERT | -8,595 | -8,595 | -6,301 | -3,310 |
| DUNCAN, WILLIAM | -11,409 | -11,409 | -9,175 | -5,131 |
| EDLUND, MATTHEW J | -5,587 | -5,587 | -3,972 | -771 |
| EMHARDT, CHRISTOPHER | -16,880 | -16,221 | -13,657 | -9,500 |
| ESTRADA, ALBERT | -16,803 | -16,596 | -13,738 | -9,537 |
| FARROW, RONELL J | -7,770 | -7,770 | -6,593 | -3,932 |
| FITZPATRICK, DANIEL | -4,766 | -4,766 | -3,777 | -2,098 |
| FORD, EVELYN | -6,197 | -5,915 | -5,050 | -2,003 |
| FREEMAN, DORLAN J | -6,368 | -6,368 | -4,352 | -1,143 |
| GARCIA, JUAN | -9,683 | -8,690 | -6,960 | -3,605 |
| GELIN, EDELYN | -5,955 | -5,593 | -4,856 | -2,918 |
| GIMBL, MARK | -5,402 | -5,304 | -4,136 | -1,329 |
| GOMEZ, ALEXANDER | -7,522 | -7,522 | -4,947 | -109 |

| Name | Heat Days/Night Shift Differential in Regular Rate Damages After Cumulative Offsets | Heat Days/Night Shift/Late Overtime Damages After Cumulative Offsets | Heat Days/Night Shift/Late Overtime/2.5 Hours of Straight Time Damages After Cumulative Offsets | Heat Days/Night Shift/Late Overtime/2.5 Hours of Straight Time/1.25 Pre- and Post-Shift Hours Per Week Damages After Cumulative Offsets |
|---|---|---|---|---|
| GONZALEZ, RAYMOND | -24,183 | -24,183 | -19,957 | -13,408 |
| GRAULAU, STEVEN | -23,993 | -23,827 | -22,579 | -19,479 |
| GRIFFITH, GLENROY | -24,412 | -24,412 | -19,743 | -12,737 |
| GUEVARA, JULIE A | -5,768 | -5,768 | -4,003 | -1,227 |
| HABER, ANDREW S | -7,753 | -7,753 | -5,736 | -2,321 |
| HARRILAL, MALA | -26,435 | -26,360 | -24,386 | -19,150 |
| HASSELL, CEDRIC R | -5 | 57 | 231 | 7,016 |
| HEALY, KARL | -3,856 | -3,737 | -3,018 | -1,525 |
| HENRIQUES, SANDRA L | -15,293 | -14,743 | -11,348 | -6,613 |
| HINTON, TYIESHA S | -18,454 | -18,125 | -16,686 | -12,817 |
| HOEY, LAURA | -6,403 | -6,058 | -5,229 | -2,280 |
| HYDOCK, BRUCE | -10,095 | -10,018 | -8,590 | -5,428 |
| JACKSON, CURTIS | -30,303 | -28,934 | -25,489 | -20,992 |
| JEFFERSON, JOSEPH | -17,915 | -17,798 | -16,607 | -13,419 |
| JOHNSON, MICHAEL | -9,521 | -9,521 | -8,589 | -6,368 |
| JONES, BRENDA E | -13,657 | -13,324 | -10,204 | -5,911 |
| KAGENAAR, CHRISTOPHER | -9,940 | -9,940 | -8,290 | -5,836 |
| KELLY, LINDEN K | -15,615 | -15,150 | -10,654 | -4,837 |
| KONG, JING | -10,627 | -10,463 | -8,626 | -6,130 |
| LAMBERTSON, JOSEPH E | -8,643 | -8,521 | -7,502 | -5,470 |
| LAVAUD, JACQUES | -9,583 | -9,583 | -6,642 | -2,796 |
| LEPSELTER, STEVEN | -6,746 | -6,746 | -6,497 | -5,356 |
| LICARI, JUSTIN | -11,698 | -11,536 | -9,074 | -5,495 |
| LINDNER, MATTHEW | -7,371 | -7,371 | -6,073 | -4,562 |
| LOGUIDICE, CRIS | -11,079 | -11,028 | -8,685 | -3,907 |
| LORENZ, ADAM G | -8,548 | -8,548 | -6,059 | -2,301 |
| MACK, RUTH E | -19,778 | -17,788 | -15,930 | -13,177 |
| MALDONADO, MARIO | -27,797 | -27,595 | -24,709 | -19,458 |
| MARINO, JOHN | -16,680 | -15,921 | -12,808 | -7,722 |
| MARTIN, ALEXANDER F | -3,268 | -3,268 | -1,875 | 3,177 |
| MARX, LAWRENCE E | -3,378 | -2,525 | -1,771 | -523 |
| MAZUZAN, KEVIN M | -11,151 | -10,906 | -8,965 | -5,142 |
| MCCOY, THOMAS | -20,722 | -20,722 | -18,623 | -12,224 |
| MCKENZIE, PAUL A | -6,791 | -6,452 | -4,622 | 174 |
| MELAS, ALEXANDER T | -13,168 | -12,390 | -10,925 | -7,750 |
| MENDEZ, EDWIN | -11,275 | -11,275 | -7,203 | -920 |
| MIDDLETON, TERRANCE | -32,723 | -31,913 | -28,050 | -21,997 |
| MIRANDA JR., ISRAEL | -4,031 | -3,682 | -3,545 | -3,236 |
| MONTALVO, YVETTE | -14,041 | -13,477 | -12,804 | -10,826 |
| MORELAND, JULIE | -14,507 | -14,072 | -12,500 | -8,880 |
| MULHOLLAND, DOUGLAS | -7,693 | -6,298 | -5,140 | -2,516 |
| MURPHY, NORA | -8,581 | -8,581 | -6,740 | -1,239 |
| NAPOLITANO, TERRI | -500 | -500 | -150 | 1,233 |
| NERONE, VINCENT | -3,720 | -3,720 | -2,575 | -633 |
| NIEVES, LOURDES | -1,222 | -1,131 | -592 | 83 |
| NUQUI, FRANK S | -623 | -623 | -541 | -308 |
| OLGUN, MURAT | -28,864 | -28,864 | -25,054 | -18,932 |
| ORTIZ, MARTIN | -8,245 | -8,055 | -7,497 | -5,551 |
| OTTAVIANO, TONI ANNE M | -5,822 | -5,822 | -4,743 | -2,804 |
| OVSEN, ALAN L | -33,082 | -33,082 | -30,274 | -25,175 |
| PAMPHILE, DAPHNEY | -8,160 | -7,898 | -6,224 | -3,440 |
| PATRIARCA, MICHELLE | -4,958 | -4,879 | -4,048 | -2,108 |
| PERDON, MARIO F | -17,654 | -17,156 | -14,433 | -10,075 |

| Name | Heat Days/Night Shift Differential in Regular Rate Damages After Cumulative Offsets | Heat Days/Night Shift/Late Overtime Damages After Cumulative Offsets | Heat Days/Night Shift/Late Overtime/2.5 Hours of Straight Time Damages After Cumulative Offsets | Heat Days/Night Shift/Late Overtime/2.5 Hours of Straight Time/1.25 Pre- and Post-Shift Hours Per Week Damages After Cumulative Offsets |
|---|---|---|---|---|
| PEREZ, MIGUEL | -7,842 | -7,842 | -6,146 | -3,417 |
| PFEFFER, RON | -18,299 | -18,073 | -14,675 | -10,758 |
| PRINGLE, EDNA L | -33,631 | -32,898 | -24,628 | -18,185 |
| RAIMER, MICHAEL | -10,028 | -9,844 | -8,084 | -4,704 |
| RAYNOR, CHARLES | -23,627 | -23,627 | -18,793 | -12,139 |
| RESPOL, CHRISTOPHER | -9,036 | -9,036 | -7,496 | -4,642 |
| RICHARDSON, CELESTINE | -9,208 | -9,208 | -4,187 | 4,017 |
| RIVERA, DANIEL | -14,216 | -14,216 | -12,682 | -9,313 |
| ROBBINS, MICHELLE | -13,903 | -13,348 | -9,650 | -4,149 |
| RODRIQUEZ, FRANKLIN | -13,735 | -13,635 | -11,449 | -7,276 |
| ROM, THOMAS | -4,762 | -4,762 | -3,678 | 263 |
| ROSADO, RICHARD | -8,230 | -8,230 | -6,442 | -3,415 |
| ROUSSEAU, PHILIPPE | -10,703 | -10,585 | -10,056 | -7,485 |
| RYAN, CHARLES E | -1,723 | -1,723 | -715 | 4,792 |
| SALZANO, JOSEPH F | -8,960 | -8,960 | -7,343 | -3,893 |
| SANFILIPPO, MATTHEW | -12,178 | -12,178 | -10,442 | -7,319 |
| SANTOS, KELLY J | -706 | -706 | 246 | 2,772 |
| SCHIMANSKI, HARRY | -5,669 | -5,669 | -4,724 | 180 |
| SCORDUS, JAMES E | -33,906 | -33,906 | -30,703 | -24,736 |
| SELENGUT, IRA | -14,968 | -14,968 | -14,301 | -12,403 |
| SHORT, ROBERT | -11,065 | -10,579 | -9,151 | -3,579 |
| SIMMONS, ERIC D | -111 | -111 | -105 | 288 |
| SLAVIK, PATRICIA | -19,262 | -17,445 | -9,677 | -479 |
| SMITH, H.CARLTON | -15,238 | -14,907 | -13,412 | -10,598 |
| SOSA, CAONABO | -10,875 | -10,706 | -7,184 | -895 |
| SPERBER, LAUREN | -3,168 | -3,168 | -2,197 | -472 |
| STEWART, SYLVESTER | -11,794 | -11,794 | -10,211 | -7,599 |
| SWIERKOWSKI, CHRISTOPHER | -398 | -398 | 319 | 2,426 |
| TENNANT, WINSTON | -9,752 | -9,752 | -6,547 | -2,553 |
| TIMOTHY, DAVID | -8,866 | -8,866 | -6,181 | -1,535 |
| TORRES, THOMAS | -21,700 | -20,201 | -17,181 | -12,337 |
| TRILLING, MERIL | -2,799 | -2,720 | -2,138 | 5,263 |
| VALENZA, MICHAEL | -18,846 | -18,664 | -14,874 | -8,812 |
| VEGA, ANNETTE | -5,165 | -5,165 | -3,837 | 2,649 |
| VILLAVERDE, GUILLERMO | -3,587 | -3,575 | -2,398 | -511 |
| WALLACE, PAUL | -28,806 | -24,841 | -20,362 | -13,313 |
| WASHINGTON, JERARD A | -12,049 | -11,383 | -7,896 | -2,394 |
| WEINSTEIN, STUART J | -17,880 | -17,636 | -13,532 | -7,185 |
| WILKINSON, ADRIAN | -10,817 | -10,311 | -8,655 | -5,355 |
| WINFIELD, LANCE | -21,467 | -21,292 | -15,937 | -10,475 |
| YOLLES, JOSEPH | -14,338 | -14,123 | -12,194 | -7,211 |
| ZUCKERBERG, ADAM | -12,197 | -12,139 | -11,225 | -8,198 |
| | | | | |
| Total damages | -1,721,850 | -1,680,284 | -1,358,003 | -775,525 |
| Total of positive damages | 0 | 57 | 1,299 | 61,687 |
| Number of people with positive damages | 0 | 1 | 4 | 21 |

# ERATH AFF.

# EXHIBIT B

| Name | Without Cross-Week Offsets | With Cross-Week Offsets |
|---|---|---|
| BOTTINI, LISA | 0 | -17,945 |
| BROWN, BERYL | 0 | -1 |
| COLBERT, LYNNETTE | 45 | -13,634 |
| DENSON, ROBERT | 0 | -4,079 |
| FORD, EVELYN | 0 | -8,166 |
| HINTON, TYIESHA S | 0 | -525 |
| HOEY, LAURA | 19 | -4,635 |
| JOHNSON, MICHAEL | 0 | -11,838 |
| MACK, RUTH E | 0 | -24,317 |
| PRINGLE, EDNA L | 0 | -62,226 |
| RICHARDSON, CELESTINE | 0 | -24,020 |
| ROM, THOMAS | 38 | -7,244 |
| ROUSSEAU, PHILIPPE | 0 | -906 |
| SANFILIPPO, MATTHEW | 0 | -5,515 |
| SIMMONS, ERIC D | 0 | 0 |
| SOSA, CAONABO | 0 | -18,195 |
| TIMOTHY, DAVID | 234 | -13,840 |
| TRILLING, MERIL | 0 | -4,234 |
| VEGA, ANNETTE | 0 | -8,070 |
| WASHINGTON, JERARD A | 0 | -22,341 |
| WINFIELD, LANCE | 43 | -39,717 |
| | | |
| Total | 380 | -291,448 |

MARX, LAWRENCE has no timesheets available for weeks when he was assigned to EMD.